IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

STEVEN A. FLYNN                                                    PLAINTIFF

vs.                            Civil No. 3:12-cv-03152

CAROLYN W. COLVIN                                                  DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Steven A. Flynn ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying his applications for a

period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income

("SSI") under Titles II and XVI of the Act.  The Parties have consented to the jurisdiction of a

magistrate judge to conduct any and all proceedings in this case, including conducting the trial,

ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 7.[1]

Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final

judgment in this matter.

1.    **Background:**

Plaintiff protectively filed his disability applications on May 26, 2010.  (Tr. 10, 133-136).

In his applications, Plaintiff alleges being disabled due to bulging discs in his back, a right shoulder

injury that "never healed," high blood pressure, anxiety, depression, a sternum fracture, cervical

spasms, fibromyalgia, pneumonia, lumbar dysfunction, degenerative changes in his back, central disc

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages
for this case are referenced by the designation "Tr."

1

bulge at L3 to L4, right shoulder problems, and restless leg syndrome. (Tr. 162). Plaintiff alleges an onset date of April 30, 2009. (Tr. 10, 133-135). These applications were denied initially and again upon reconsideration. (Tr. 70-73). Thereafter, Plaintiff requested an administrative hearing on his applications, and this hearing request was granted. (Tr. 91, 27-69).

Plaintiff's administrative hearing was held on August 23, 2011 in Flippin, Arkansas. (Tr. 27-69). Plaintiff was present and was represented by Frederick Spencer. *Id.* Plaintiff, Vocational Expert ("VE") Patty Kent, and Plaintiff's wife testified at this hearing. *Id.* During this administrative hearing, Plaintiff testified he was forty-four (44) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008) (DIB) and 20 C.F.R. § 416.963(c) (2008) (SSI). (Tr. 31). Plaintiff also testified he had obtained his GED. *Id.*

On October 28, 2011, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 10-21). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2014. (Tr. 12, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since April 30, 2009, his alleged onset date. (Tr. 12, Finding 2). The ALJ determined Plaintiff had the following severe impairments: degenerative joint disease of the spine and shoulder and chronic obstructive pulmonary disease (COPD). (Tr. 12-16, Finding 3). The ALJ determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 16, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 16-19, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained

the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that he cannot lift overhead but he can reach overhead.

*Id.* "Light work" is defined as follows:

> (b) Light work.  Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.  If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b) (2012); 20 C.F.R. § 416.967(b) (2010).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff was unable to perform any of his PRW.  (Tr. 19, Finding 6).  The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy.  *Id.*  The VE testified at the administrative hearing regarding this issue.  *Id.*  Based upon that testimony, the ALJ found Plaintiff retained the capacity to perform occupations such as production worker and machine tender worker with 27,802 such jobs in the national economy and 368 such jobs in Arkansas; and hand packager with 21,485 such jobs in the national economy and 197 such jobs in Arkansas.  (Tr. 20).  Based upon this testimony, the ALJ found Plaintiff had not been under a disability as defined by the Act from April 30, 2009 through the date of his decision or through October 27, 2011.  (Tr. 20, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable

3

decision. (Tr. 1-3). On October 31, 2012, the Appeals Council declined to review this unfavorable

decision. *Id.* On December 4, 2012, Plaintiff filed the present appeal. ECF No. 1. The Parties

consented to the jurisdiction of this Court on March 8, 2013. ECF No. 7. Both Parties have filed

appeal briefs. ECF Nos. 11-12. This case is now ready for decision.

2.      **Applicable Law:**

        In reviewing this case, this Court is required to determine whether the Commissioner's

findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g)

(2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to

support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the

Court may not reverse it simply because substantial evidence exists in the record that would have

supported a contrary outcome or because the Court would have decided the case differently. *See*

*Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible

to draw two inconsistent positions from the evidence and one of those positions represents the

findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065,

1068 (8th Cir. 2000).

        It is well-established that a claimant for Social Security disability benefits has the burden of

proving his or her disability by establishing a physical or mental disability that lasted at least one

year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*,

160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines

a "physical or mental impairment" as "an impairment that results from anatomical, physiological,

4

or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

Plaintiff raises the following three arguments for reversal: (1) the ALJ erred in finding his mental impairments of depression, anxiety, and anger-control problems were not severe; (2) the ALJ erred by failing to send him for a consultative psychological evaluation; and (3) the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 11 at 1-13. Because the Court finds the ALJ erred by finding Plaintiff's depression was non-severe, the Court will only

5

address Plaintiff's first argument for reversal.

A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment affects the claimant's ability to do his or her basic work activities. *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988). The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities* that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*).

Furthermore, the standard for determining whether a claimant suffers from a severe impairment is a low or *de minimis* standard. *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007) (reversing the decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should have been considered severe because that diagnosis was supported by sufficient medical evidence). If the ALJ errs by finding a severe impairment is not severe, the ALJ's disability determination must be reversed and remanded. *See Nicola,* 480 F.3d at 887.

In the present action, Plaintiff alleges being disabled due to depression. (Tr. 51-52, 161). The ALJ recognized this allegation but found Plaintiff had not demonstrated this impairment was severe. (Tr. 12-16, Finding 3). In making this determination, the ALJ discounted medical records from the SSA's consultative examiner who diagnosed Plaintiff with depression and medical records from Plaintiff's treating physician who also diagnosed him with depression. (Tr. 269, 312).

Indeed, in his opinion, the ALJ made the determination that Plaintiff's depression was non-severe based upon a notation by Plaintiff's treating physician, Dr. Patricia A. Williams, D.O., wherein she stated Plaintiff's depression was controlled with medication. (Tr. 274) ("Xanax controls

situation") (September 10, 2008).  However, shortly before Plaintiff's alleged onset date, on March 31, 2009, Dr. Williams also noted Plaintiff's depression was "long term" and stated that while "Xanax helps," it only "make[s] life tolerable." (Tr. 281).  On July 7, 2010, Dr. Williams also found Xanax stabilized Plaintiff's depression, but she did not find Xanax "controlled" his depression: "Stress continues but could be worse. . Xanax helps stabilize situation."  (Tr. 297).

Further, during the consulting examination with Dr. Shannon Brownfield, M.D., Plaintiff was found to have "globally mod [moderate]" limitations due to his depression.  (Tr. 312).  There was no indication in this report that Plaintiff's depression was controlled with medication.  *Id.*

Standing alone, this evidence from Dr. Williams and Dr. Brownfield is sufficient to demonstrate Plaintiff's depression satisfies the low or *de minimis* standard for a severe impairment. Accordingly, because the ALJ improperly determined Plaintiff's depression was not severe, this case must be reversed and remanded.  *See Nicola,* 480 F.3d at 887.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 16th day of January 2014.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE